**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**DAVIOUS MARQUES BOYD,**

**Plaintiff,**

**v.**

**RIVERBEND CORRECTIONAL FACILITY,**

**Defendants.**

**Case No. 5:22-cv-00449-TES-CHW**

**Proceedings Under 42 U.S.C. §1983**
**Before the U. S. Magistrate Judge**

## ORDER

*Pro se* Plaintiff Davious Boyd, a prisoner at Riverbend Correctional Facility in Milledgeville, Georgia, filed a document in the Northern District of Georgia which was docketed as 42 U.S.C § 1983 complaint. ECF No. 1. That civil action has now been transferred to this court. ECF Nos. 4 and 5. Plaintiff did not pay a filing fee nor did he request leave to proceed without prepayment of the filing fee. Thus, in order to proceed, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* with the required statutory supporting documentation. A prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

If Plaintiff's "witness statement" is an attempt to raise constitutional claims under 42 U.S.C § 1983, then this document sent to the Court is wholly insufficient to

do so. Plaintiff's complaint is a collection of rambling and conclusory allegations about several unrelated events about which he fails to name any Defendants. *See* ECF No. 1. He complains about various matters, such as his water being shut off in his cell for an unspecified amount of time, "slander," extortion, a possible inmate assault, and wrongful arrest. *See id*.

Plaintiff's filing fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a civil complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks". Plaintiff has further run afoul of Rule 10(b) of the Federal Rules of Civil Procedure, which requires that a party state its claims in paragraphs limited to a single set of circumstances. In short, this complaint is a typical shotgun pleading. Plaintiff's complaint is a shotgun pleading because it asserts multiple, unrelated claims against numerous yet unnamed defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants each claim is brought against. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).

The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading. *Id*. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a

"massive waste of judicial and private resources." *Id*. (citation omitted). The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief. *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp*., 305 F.3d 1293, 1296 (11th Cir. 2002). Moreover, it is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").

Because Plaintiff is proceeding pro se, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Plaintiff is required to submit an amended complaint on the Court's standard § 1983 form if he wishes to proceed with this civil action. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Plaintiff is hereby notified that **one sole operating complaint** is permissible. Thus, Plaintiff's amended complaint will take the place of his original complaint, including all exhibits or attachments. The Court will not refer to the original complaint to see if Plaintiff has stated a viable claim.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. Plaintiff is advised that a state prison in Georgia, such as Riverbend Correctional Facility, is not a legal entity subject to suit and is not a "person" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58. 71; *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016) (dismissing § 1983 claims against Riverbend Correctional Facility); *see also Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

Plaintiff may not join unrelated claims and defendants in a single action. A plaintiff may join defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

Plaintiff must include only related claims when redrafting his complaint. The various claims that Plaintiff presently raises in his pleading do not appear to be related. *See* ECF No. 1. Just because alleged events occur in one prison does not necessarily make claims about those allegations related under Rule 20. *See e.g., Skillern v. Georgia Dept. of Corrections Com'r*, 379 F. App'x 859, 860 (11th Cir. 2010). As the Seventh Circuit has stated in *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees." If the Plaintiff wishes to pursue unrelated claims, these would be separate actions that must be filed in separate complaints on the Court's required 42 U.S.C. § 1983 form and cannot be consolidated under the above civil action number. The filing fee must also be addressed in each new civil action.

When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions?

(5) What relief do you seek from this Defendant? [1]

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case and need not use legal terminology or cite any specific statute or case law to state a claim. The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Additionally, Plaintiff must thoroughly and completely answer each question presented in the Court's standard § 1983 complaint form. ***The total complaint must be no longer than ten (10) pages.*** Plaintiff is not to include any exhibits or attachments.

If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed. If Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. If Plaintiff fails to follow the

[1] Plaintiff currently requests to be transferred to another prison. ECF No. 1 at 1. Even if Plaintiff could prevail in this action, he does not have a federal constitutional right of transfer to another prison. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir. 2009) *citing Meachum*, 427 U.S. at 224 (determining that an inmate had "no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison."). This Court has no authority to order the transfer of Plaintiff from one state prison to another. *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) (district courts do not have the "authority to address state officials out of office…"). "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Fano*, 427 U.S. at 229 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973). As such, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted). Therefore, Plaintiff's demand for injunctive relief in the form of a transfer to another prison is frivolous and subject to be denied as such.

instructions of this Court Order, his complaint will be dismissed. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist*., 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order.").

Lastly, within approximately sixty days, the Plaintiff has filed at least nine lawsuits including the above-named action. *See Boyd v. GeoGroup*, 5:22-cv-387-MTT-MSH (filed October 6, 2022), *Boyd v. Bailey,* 5:22-cv-00447-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-00448-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-00450-TES-CHW (filed Nov. 23, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-00451-TES-CHW (filed Nov. 25, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-00452-TES-CHW (filed Nov. 30, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-00453-TES-CHW (filed Dec. 1, 2022); *Boyd v. Riverbend Correctional Facility,* 5:22-cv-00456-TES-CHW (filed Dec. 5, 2022). Some of these actions raise duplicative claims, are impermissible shotgun pleadings or purported *pro se* class action suits, and request relief not available from this Court such as state prison transfers or mailing Plaintiff IRS forms and stimulus funds. *See id*. Plaintiff is cautioned that he will be responsible for satisfying the filing fees in each of these suits, regardless of whether any proceed beyond frivolity review or whether any are dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915. Plaintiff is also cautioned that should he have three lawsuits dismissed as frivolous, malicious, or for failure to state a claim, he will be

barred from pursuing any future federal civil rights actions *in forma pauperis* unless he is found by a Court to be under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Plaintiff should heed the Court's advisement and carefully review each of his suits to be sure they are specifically plead to state a constitutional claim, that they do not combine unrelated claims as prohibited by the Federal Rules of Civil Procedure, and that his various suits do not present duplicative claims. Should Plaintiff find that any of his suits are duplicative of another suit or that any may otherwise need to be withdrawn, then he may file a motion to have the defective case voluntarily dismissed.[2]

**CONCLUSION**

If Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) refile his Complaint on the Court's standard § 1983 form as instructed, and (2) either pay the filing fee or properly seek leave to proceed *in forma pauperis* that includes a certified account statement for the previous six months, signed by a prison official. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing

[2] Rule 41 of the Federal Rules of Civil Procedure provides that a "…plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).

fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff.

So **ORDERED and DIRECTED**, this 30th day of December, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge